UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WAYNE VIA, | ) | CIVIL ACTION NO. 4:20-CV-475 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| KILOLO KIJAKAZI,[1] | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff Michael Wayne Via, an adult individual who resides within the Middle District of Pennsylvania, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. §405(g).

This matter is before me, upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 15). After reviewing the parties' briefs, the Commissioner's final decision, and the relevant

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  She is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d) (providing that when a public officer sued in his or her official capacity ceases to hold office while the action is pending, "the officer's successor is automatically substituted as a party."); s*ee also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

portions of the certified administrative transcript, I find the Commissioner's final decision is not supported by substantial evidence. Accordingly, the Commissioner's final decision will be VACATED and this case will be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for a new administrative hearing.

II.     BACKGROUND & PROCEDURAL HISTORY

On August 19, 2016, Plaintiff protectively filed an application for disability insurance benefits under Title II of the Social Security Act. (Admin. Tr. 17; Doc. 13-2, p. 18).   In this application, Plaintiff alleged he became disabled on July 13, 2015, when he was forty years old, due to the following conditions: back injury; and back surgery. (Admin. Tr. 284; Doc. 13-7, p. 15). Plaintiff alleges that the combination of these conditions affects his ability to lift; squat; bend; stand; reach; walk; sit; kneel; and climb stairs. (Admin. Tr. 314; Doc. 13-7, p. 45). Plaintiff has at least a high school education and can communicate in English. (Admin. Tr. 24; Doc. 13-2, p. 25). Before the onset of his impairments, Plaintiff worked as a press operator and production supervisor. (Admin. Tr. 23; Doc. 13-2, p. 24).

On February 22, 2017, Plaintiff's application was denied at the initial level of administrative review. (Admin. Tr. 17; Doc. 13-2, p. 18). On April 4, 2017, Plaintiff requested an administrative hearing. *Id*.

On April 30, 2019, Plaintiff, assisted by his counsel, appeared and testified during a hearing before Administrative Law Judge Randy Riley (the "ALJ"). (Admin. Tr. 32; Doc. 13-2, p. 33). A vocational expert also appeared and testified at the hearing. A nonexamining medical expert, James W. Todd, M.D., testified via telephone. On May 23, 2019, the ALJ issued a decision denying Plaintiff's application for benefits. (Admin. Tr. 25; Doc. 13-2, p. 26). On June 21, 2019, Plaintiff requested review of the ALJ's decision by the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council"). (Admin. Tr. 227; Doc. 13-5, p. 2). Along with his request, Plaintiff submitted new evidence that was not available to the ALJ when the ALJ's decision was issued. (Admin. Tr. 2; Doc. 13-2, p. 3); (Admin. Tr. 77-91; Doc. 13-2, pp. 78-92).

On January 24, 2020, the Appeals Council denied Plaintiff's request for review.  (Admin. Tr. 1; Doc. 13-2, p. 2).

On March 23, 2020, Plaintiff initiated this action by filing a Complaint. (Doc. 1). In the Complaint, Plaintiff alleges that the ALJ's decision denying the application is not supported by substantial evidence, and improperly applies the relevant law and regulations. (Doc. 1 ¶¶ 19-33). As relief, Plaintiff requests that the Court enter an order reversing the Commissioner's final decision. (Doc. 1).

On August 27, 2020, the Commissioner filed an Answer. (Doc. 12). In the Answer, the Commissioner maintains that the decision holding that Plaintiff is not

entitled to disability insurance benefits was made in accordance with the law and regulations and is supported by substantial evidence. (Doc. 12, ¶ 10). Along with his Answer, the Commissioner filed a certified transcript of the administrative record. (Doc. 13).

Plaintiff's Brief (Doc. 17) and the Commissioner's Brief (Doc. 20) have been filed. Plaintiff did not file a reply. This matter is now ripe for decision.

## III.   STANDARDS OF REVIEW

### A.   SUBSTANTIAL EVIDENCE REVIEW – THE ROLE OF THIS COURT

When reviewing the Commissioner's final decision denying a claimant's application for benefits, this Court's review is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d

1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

"In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). The question before this Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence.") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The Secretary's determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

B.     STANDARDS GOVERNING THE ALJ'S APPLICATION OF THE FIVE-STEP
       SEQUENTIAL EVALUATION PROCESS

To receive benefits under the Social Security Act by reason of disability, a claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[2] To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). To receive benefits under Title II of the Social Security Act, a claimant must show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131(a).

In making this determination at the administrative level, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged

---

[2] Throughout this Report, I cite to the version of the administrative rulings and regulations that were in effect on the date the Commissioner's final decision was issued. In this case, the ALJ's decision, which serves as the final decision of the Commissioner, was issued on May 23, 2019.

in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4).

Between steps three and four, the ALJ must also assess a claimant's RFC. RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (citations omitted); *see also* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a)(1). In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis. 20 C.F.R. § 404.1545(a)(2).

At steps one through four, the claimant bears the initial burden of demonstrating the existence of a medically determinable impairment that prevents him or her in engaging in any of his or her past relevant work. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(a); *Mason*, 994 F.2d at 1064. Once this burden has been met by the claimant, it shifts to the Commissioner at step five to show that jobs exist in significant number in the national economy that the claimant

could perform that are consistent with the claimant's age, education, work experience and RFC. 20 C.F.R. § 404.1512(b)(3); *Mason*, 994 F.2d at 1064.

The ALJ's disability determination must also meet certain basic substantive requisites. Most significant among these legal benchmarks is a requirement that the ALJ adequately explain the legal and factual basis for this disability determination. Thus, to facilitate review of the decision under the substantial evidence standard, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id.* at 706-707. In addition, "[t]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999).

## IV.    DISCUSSION

Plaintiff raises the following four issues in his Brief:

(1)    "Whether the Administrative Law Judge erred and abused his discretion by failing to consider the limitations in Plaintiff's residual functional capacity from those impairments that Administrative Law Judge considered to be severe including Plaintiff's shoulder pain and degenerative disc"

(2)    "Whether the Administrative Law Judge erred and abused his discretion in failing to consider the limitations from conditions that the Administrative Law Judge did not consider to be severe, including

Plaintiff's anxiety, depression, leg pain and issues bilaterally and lumbar pain post-fusion"

(3)     "Whether the Administrative Law Judge erred and abused his discretion as it relates to Plaintiff's residual functional capacity, by failing to give proper weight to the opinions of Plaintiff's treating sources, Dr. Joelle Lauchner and Angela Sonon, CRNP"

(4)     "Whether the Administrative Law Judge erred and abused his discretion by permitting the medical expert, Dr. James W. Todd, to testify at the hearing, as proper notice of his testimony was not given in advance of the hearing, and in assigning too much weight to his opinions, in light of his statements, and the statements from the Administrative Law Judge, on the record at the time of the hearing"

(Doc. 17, pp. 1-2).

A.     THE ALJ'S DECISION DENYING PLAINTIFF'S APPLICATION

In his May 2019 decision, the ALJ found that Plaintiff met the insured status requirement of Title II of the Social Security Act through May 31, 2021. (Admin. Tr. 19; Doc. 13-2, p. 20). Then, Plaintiff's application was evaluated at steps one through five of the sequential evaluation process.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity at any point between July 13, 2015 (Plaintiff's alleged onset date) and May 23, 2019 (the date the ALJ decision was issued) ("the relevant period"). (Admin. Tr. 19; Doc. 13-2, p. 20). At step two, the ALJ found that, during the relevant period, Plaintiff had the following medically determinable severe impairments: degenerative disc disease and left shoulder pain. *Id*. At step three, the ALJ found that, during the relevant period, Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Between steps three and four, the ALJ assessed Plaintiff's RFC. The ALJ found that, during the relevant period, Plaintiff retained the RFC to engage in light work as defined in 20 C.F.R. § 404.1567(b) except:

> his standing and/or walking are limited to 2 hours in an 8-hour workday. The claimant is limited to occasional bending. He is precluded from left overhead reaching. Furthermore, the claimant should avoid exposure to excessive vibration and hazards.

(Admin. Tr. 20; Doc. 13-2, p. 21).

At step four, the ALJ found that, during the relevant period, Plaintiff could not engage in his past relevant work. (Admin. Tr. 23; Doc. 13-2, p. 24). At step five, the ALJ found that, considering Plaintiff's age, education and work experience, Plaintiff could engage in other work that existed in the national economy. (Admin. Tr. 24; Doc. 13-2, p. 25). To support his conclusion, the ALJ relied on testimony given by a vocational expert during Plaintiff's administrative hearing and cited the following three (3) representative occupations: bakery worker, conveyor line (DOT #524.687-022); machine tender, laminating (DOT #569.686-046); and final assembler, optical goods (DOT #713.687-018). (Admin. Tr. 24; Doc. 13-2, p. 25).

B.   THE ALJ'S EVALUATION OF THE MEDICAL OPINION EVIDENCE IS NOT
     ADEQUATELY EXPLAINED

The Commissioner's regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). As of the date Plaintiff's application was filed in August of 2016, acceptable medical sources included only licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language psychologists. 20 C.F.R. § 404.1502(a). The definition was expanded to include other types of sources, like advances practice nurses, in March of 2017. This expansion, however, does not apply to applications filed before March 27, 2017. *Id.* Regardless of its source, the ALJ is required to consider every opinion by acceptable medical sources or by sources who are not acceptable medical sources together with the rest of the relevant evidence. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 404.1527(f).

In deciding what weight to accord competing opinions, the ALJ is guided by factors outlined in 20 C.F.R. § 404.1527(c). Under some circumstances, the medical opinion of a "treating source" may even be entitled to controlling weight. 20 C.F.R. § 404.1527(a)(2) (defining treating source); 20 C.F.R. § 404.1527(c)(2) (explaining what is required for a source's opinion to be controlling).

Where no medical opinion is entitled to controlling weight, the Commissioner's regulations direct the ALJ to consider the following factors, where applicable, in deciding the weight given to any non-controlling medical opinion: length of the treatment relationship and frequency of examination; nature and extent of the treatment relationship; the extent to which the source presented relevant evidence to support his or her medical opinion, and the extent to which the basis for the source's conclusions were explained; the extent to which the source's opinion is consistent with the record as a whole; whether the source is a specialist; and, any other factors brought to the ALJ's attention.  20 C.F.R. §404.1527(c).

Furthermore, the ALJ's articulation of the weight accorded to each medical opinion must be accompanied by "a clear and satisfactory explication of the basis on which it rests."  *Cotter*, 642 F.2d at 704. This principle applies with particular force to the opinion of a treating physician. *See* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion."). "Where a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'" *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (*quoting Mason*, 994 F.2d at 1066)); *see also Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).

The ALJ in this case found at step two that Plaintiff suffers from severe degenerative disc disease of the lumbar spine, and a shoulder impairment. Plaintiff alleges that these impairments limit his ability to stand, walk, sit, and lift objects over a certain weight. The following five medical sources issued opinions in this case about the extent of these limitations: (1) treating CRNP Angela Sonon (issued on December 29, 2017); (2) treating physician Joelle Lauchner, D.O. (issued on August 14, 2018); (3) state agency reviewing physician Hong Park, M.D. (issued February 21, 2017); (4) non-examining medical expert James Todd, M.D. (hearing testimony); and (5) consultative examiner Ziba Monfared, M.D. (issued February 14, 2017). These opinions differ on the amount of sitting, standing, and walking Plaintiff might be able to do, and the weight of the heaviest objects Plaintiff could be expected to lift or carry. The ALJ gave "great" weight to Dr. Todd's opinion, but gave "little" weight to all other opinions.

In his explanation of the weight afforded to each opinion, the ALJ focuses only on the amount of weight Plaintiff could be expected to lift or carry. There is no discussion of any sitting, walking, or standing limitations in his articulation of the weight afforded to each opinion. Furthermore, the only opinion credited—Dr. Todd's—does not support the standing and walking limitations incorporated in the RFC assessment. Inexplicably, the medical opinion that most closely matches the ALJ's RFC assessment was given "little" weight because the ALJ mischaracterized

it as limiting Plaintiff to sedentary instead of light work in the decision. (*See* Doc. 20, p. 23) ("It appears the ALJ misstated Dr. Park's overall conclusion (Tr. 22), as Dr. Park did not limit Plaintiff to sedentary work (Tr. 97-99)").[3] In her brief, the Commissioner cites to a sixth "opinion" allegedly issued by Dr. D'Andrea which was never evaluated by the ALJ.[4]

In his brief, Plaintiff argues that ALJ improperly discounted CRNP Sonon's assessment that Plaintiff could "only sit for two hours and stand/walk a combined two hours in an eight hour workday," and Dr. Lauchner's opinion that Plaintiff would need breaks every thirty minutes, would be off task 20% of the workday, and would miss four days of work per month. (Admin. Tr. 17, pp. 20-21). Plaintiff also argues that the ALJ improperly credited Dr. Todd's opinion that Plaintiff could stand and walk without limitation. (Doc. 17, p. 24). I find that these arguments have considerable merit, mainly because the ALJ does not mention

---

[3] Plaintiff appears to argue in his brief that Dr. Park's opinion should have been discounted. This argument compounds the Court's own confusion regarding the ALJ's evaluation of this opinion. As noted above, this opinion was given "little" weight, but is the only opinion that is consistent with the standing, walking, lifting and carrying limitations set forth in the ALJ's RFC assessment.

[4] In her brief, the Commissioner suggests that a sixth opinion was issued by Dr. D'Andrea. (Doc. 20, p. 11). The "opinion" cited appears to be a one-sentence note in a that states "patient released and RTW notified date 12-11-15 although employer will not allow patient to return with restrictions." (Admin. Tr. 614; Doc. 13-11, p. 4). A second note on the same page dated January 27, 2016 states "given RTW push/pull #50." *Id.* Neither of these statements were evaluated as an opinion by the ALJ in his decision.

sitting, standing, walking, work breaks or attendance when evaluating these opinions.

In *Cotter v. Harris*, the Third Circuit recognized that there is "a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record." 642 F.2d 700, 706 (3d Cir. 1981). In defining the parameters of this obligation, the Circuit explained:

> [i]n our view and examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence.

*Id.* at 705 (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). In its opinion denying a rehearing in *Cotter*, the Circuit further elaborated that "in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481 (3d Cir. 1981). Although the ALJ adequately explained his finding that Plaintiff could lift or carry up to twenty pounds occasionally and ten pounds frequently, other relevant aspects of the RFC assessment are not. There is medical opinion evidence from other sources that is probative on the issue of Plaintiff's ability to sit, stand, walk, and need for breaks that conflicts with the opinion of Dr. Todd and with the RFC assessment. The ALJ's failure to acknowledge these other

aspects of the medical opinions, or explain which ones were rejected and why, requires remand.

C.    PLAINTIFF'S REMAINING ARGUMENTS

Because I have found a clear basis for remand based on the ALJ's failure to properly explain his evaluation of the opinions related to Plaintiff's ability to sit, stand, and walk, I need not address his remaining arguments. To the extent any further error exists, it may be addressed on remand.

V.    CONCLUSION

Accordingly, I find that:

(1)    The final decision of the Commissioner will be VACATED.

(2)    This case will be REMANDED to the Commissioner to conduct a new administrative hearing pursuant to sentence four of 42 U.S.C. § 405(g).

(3)    Final judgment will be issued in favor of Michael Wayne Via.

(4)    An appropriate order will be issued.


Date: January 31, 2022                    BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge